JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY  a/s/o JRichard and Emily Reiner | Electrolux Home Products, et al. |

| **(b)** County of Residence of First Listed Plaintiff  Montgomery | County of Residence of First Listed Defendant  Mecklenburg |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| de Luca Levine LLC<br>Three Valley Square, suite 220, Blue Bell, PA 19422 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
         Plaintiff

❏ 3  Federal Question
         *(U.S. Government Not a Party)*

❏ 2  U.S. Government
         Defendant

☒ 4  Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                                    and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☒ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | of Property 21 USC 881 | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | ❏ 690 Other | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ☒ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
        Proceeding

❏ 2 Removed from
        State Court

❏ 3 Remanded from
        Appellate Court

❏ 4 Reinstated or
        Reopened

❏ 5 Transferred from
        Another District
        *(specify)*

❏ 6 Multidistrict
        Litigation -
        Transfer

❏ 8 Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 (a)(1)  & 28 USC 1391 (b)(2)

Brief description of cause:
Fire damage

| VII. REQUESTED IN<br>COMPLAINT: | ❏ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $<br>150,000.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ❏ Yes   ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions)*<br>JUDGE | | DOCKET NUMBER |
|---|---|---|---|

| DATE<br>03/01/2019 | SIGNATURE OF ATTORNEY OF RECORD | |
|---|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY a/s/o RICHARD AND EMILY REINER | : | CIVIL ACTION |
| v. | : | |
| ELECTROLUX HOME PRODUCTS, INC,. ET AL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 3/1/2019 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-383-0166 | 215-383-0082 | ddeluca@delucalevine.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ One State Farm Plaza in Bloomington, Illinois _____

Address of Defendant: _____ 10200 DAVID TAYLOR DRIVE CHARLOTTE, NC 28262 _____

Place of Accident, Incident or Transaction: _____ 1310 MONK ROAD GLADWYNE, PA 19035 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ S. Perkin _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/01/2019 _____ _____ (signature) _____ 74727

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☑ 9. All other Diversity Cases
*(Please specify):* _____ Subrogation

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## for the EASTERN DISTRICT OF PENNSYLVANIA

**STATE FARM FIRE & CASUALTY CO.**
**a/s/o RICHARD and EMILY REINER**
**1310 MONK ROAD**
**GLADWYNE, PA  19035**
          **Plaintiffs**

     **v.**

**ELECTROLUX HOME PRODUCTS, INC.**
**10200 DAVID TAYLOR DRIVE**
**CHARLOTTE, NC  28262**

**and**

**SEARS HOME SERVICES**
**SHARON HILL SERVICE CENTER**
**1324 WYCKOFF ROAD, #109**
**WALL TOWNSHIP, NJ  07753**
          **Defendants**

**Civil Action No.:**

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company a/s/o Richard and Emily Reiner

(hereinafter "Plaintiff"), by and through undersigned counsel, by way of Complaint against

Defendants Electrolux Home Products, Inc., and Sears Home Services, hereby avers:

### PARTIES

1.    Plaintiff is a commercial entity organized and existing under the laws of the State

of Illinois, with its principal place of business located at One State Farm Plaza Bloomington, IL;

at all times relevant hereto, Plaintiff was duly authorized to engage in the business of providing

homeowner insurance in Pennsylvania.

2.    At all times relevant hereto, Plaintiff provided homeowner insurance to Richard

and Emily Reiner (hereinafter "subrogors") in connection with their real and personal property

located at 1310 Monk Road, Gladwyne, Pennsylvania (hereinafter the "subject property"), under a policy that was in full force and effect at all relevant times.

3.      As a result of claims made on said policies, Plaintiff became subrogated to certain recovery rights and interests of subrogors, i.e. for monies paid thereunder, including the claims giving rise to this action.

4.      Defendant Electrolux Home Products, Inc. (hereinafter "Electrolux") was, upon information and belief and at all times material hereto, a Delaware corporation with its principal place of business at the above-captioned address, and authorized to do business in the Commonwealth of Pennsylvania (regularly conducting business there).

5.      Electrolux is in the business of designing, assembling, manufacturing, selling, distributing and/or marketing consumer appliances such as the washing machine at issue in this matter – model number  EILL560JMBO, serial number 4C10600527 (hereinafter the "subject washer" and/or "product").

6.      Defendant Sears Home Services (hereinafter "Sears"), is, upon information and belief, a New Jersey Corporation with a principal place of business located at 1324 Wyckoff Road (#109) in Wall Township, New Jersey.

7.      At all times relevant hereto, Sears was engaged in the business of, *inter alia*, selling, distributing, marketing, assembling, maintaining and/or repairing consumer appliance such as the product at issue in this case, which was serviced by Sears.

## JURISDICTION AND VENUE

8.      Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and countries; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

9.      Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## FACTUAL BACKGROUND

10.     On or around August 3, 2018, subrogors sustained water damage to their home and personal property, as well as the imposition of additional expenses and hardship besides (including loss of use of the property); said damages were caused by a malfunction of the product at the subject property.

11.     To the extent subrogors' insurance policy covered these damages, Plaintiff paid claim monies to them consistent therewith; as a result, Plaintiff became subrogated to the claims asserted in this action.

## COUNT I – PLAINTIFF v. ELECTROLUX
## NEGLIGENCE

12.     Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

13.     The aforementioned damages were the direct and proximate result of the negligence and carelessness of Electrolux – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

      a.      failing to exercise reasonable care in the following manner:

            i.      failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

            ii.     failing to properly inspect and/or test the product and/or its component parts;

            iii.    failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

            iv.     failing to provide safe and adequate warnings or instructions with the product;

vi.    designing, manufacturing, marketing, distributing and/or selling the product when Electrolux knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b.    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c.    failing to adequately warn subrogors and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.    failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f.    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

h.    failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

i.    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

14.    As a direct and proximate result of the aforementioned negligence, the subrogors sustained the damage to their real and personal property and additional expenses; Plaintiff became subrogated to recovery on said damages as is described herein.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Electrolux – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $75,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II – PLAINTIFF v. ELECTROLUX
## STRICT LIABILITY

15.     Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

16.     Electrolux is engaged, and at all times relevant hereto was engaged, in the business of marketing, distributing, delivering, assembling and/or selling, *inter alia*, washing machines.

17.     Electrolux marketed, distributed, delivered, assembled and/or sold the subject washing machine in a defective condition, unreasonably dangerous to foreseeable users and property owners, including the subrogors.

18.     Electrolux knew or should have known that the subject washing machine would reach the subrogors' property without substantial change from the condition in which it was sold.

19.     The subject washer did reach the subrogors' property without substantial change from the condition in which sold.

20.     The aforementioned defects consisted of:

      a.     design defects;
      b.     manufacturing defects;
      c.     component defects;
      d.     a failure to warn of the design, manufacturing and/or component defects;
      e.     installation defects; and/or
      f.     a failure to properly instruct as to the appropriate operating and maintenance procedures for safe use of the washing machine.

21.     For these reasons, Electrolux is strictly liable to Plaintiff for its damages under Section 402A of the Restatement (2d) of Torts, and the applicable statutory and case law of the Commonwealth of Pennsylvania.

22.     As a direct and proximate result of the aforementioned defects, subrogors sustained

damages to their real and personal property and additional expenses; Plaintiff became subrogated to recovery on said damages as is described herein.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Electrolux – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $75,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT III – PLAINTIFF v. ELECTROLUX
### BREACH of WARRANTIES

23.    Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

24.    At the time of the sale and/or distribution of the product, Electrolux had reason to know the particular purpose to which the subject washer would be used (i.e. residential application) and that it was being relied upon to furnish a suitable product.

25.    In light of the negligence, breaches, failures and harms alleged herein, Electrolux breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the product was not fit for the particular purpose for which such products are required under normal operation.

26.    In addition, Electrolux breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the product was not fit for the ordinary uses for which the product was used.

27.    In addition, Electrolux breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in violation of 13 Pa. C.S.A. § 2-313.

28.     Electrolux has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiff's inability to attach them hereto.

29.     Subrogors damages as set forth above occurred as a direct and proximate result of the breach by Electrolux of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in violation of 13 Pa. C.S.A. § 2-313.

30.     Subrogors have met any and all conditions precedent to recover for such breaches.

31.     As a direct and proximate result of the aforementioned breaches, subrogors sustained damages to their real and personal property and additional expenses; Plaintiff became subrogated to recovery on said damages as is described herein.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Electrolux – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $75,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT IV – PLAINTIFF v. SEARS
### NEGLIGENCE

32.     Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

33.     The aforementioned damages were the direct and proximate result of the negligence, carelessness, and/or other unlawful conduct of Sears – by and through its employees, agents, technicians, and/or servants – more specifically described as follows:

    a.   failing to exercise reasonable care in the following manner:

        i.   failing to properly install, assemble, inspect, diagnose, service,

maintain, repair and/or test the product;

    ii.  failing to determine that the product did not comply with applicable standards and/or specifications;

    iii. creating, maintaining or permitting to be maintained a hazardous and/or dangerous condition of the product;

    iv.  failing to properly recommend and/or warn the consumer that the product could fail in the manner described herein.

  b.  failing to adequately warn the subrogors and others of the dangerous and hazardous condition of the product which Sears knew or should have known would result from the careless and negligent conduct set forth in subparagraph (a) (i-iv) above;

  c.  failing to provide, establish, and/or follow proper and adequate training and control of its employees so as to avoid the problems listed in subparagraph (a) (i-iv) above; and/or

  d.  failing to perform the services set forth in subparagraph (a) (i-iv) above in conformity with the prevailing industry specifications and standards.

34.    As a direct and proximate result of one or more of the aforementioned failures of Sears to meet the applicable standard of care, the product malfunctioned and caused extensive damage to the subrogors' property, as well as other harms besides.

35.    To the extent these damages were paid under Plaintiff's subrogors' insurance policy, Plaintiff became subrogated thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Sears – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $75,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT V – PLAINTIFF v. SEARS
### BREACH OF WARRANTIES

36.    Plaintiff incorporates herein by reference the above paragraphs as though same

were fully set forth at length.

37.     In furtherance of the aforementioned services performed, Sears had impliedly warranted that all work performed would be done in a reasonably workmanlike manner, and/or with quality workmanship, so as to create a habitable property.

38.     Based upon the aforementioned improper conduct by Sears (personally and/or through servants, employees, subcontractors and/or agents as set forth above), Sears breached these warranties.

39.     As a direct and proximate result of the aforementioned breaches, subrogors sustained damages to their real and personal property and additional expenses; Plaintiff became subrogated to recovery on said damages as is described herein.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Sears – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $75,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

                                        **de LUCA LEVINE LLC**

                              BY: _____
                                        DANIEL A. de LUCA,
                                        ATTORNEYS FOR PLAINTIFF
                                        PA Bar No. 74727
                                        Attorneys for Plaintiff
                                        Three Valley Square, Suite 220
                                        Blue Bell, PA  19422
                                        Ph: (215) 383-0166
                                        Fx: (215) 383-0082
                                        ddeluca@delucalevine.com

**Dated:** March 1, 2019