```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

STATE FARM FIRE & CASUALTY CO.    :         CIVIL ACTION
                                  :
            v.                    :
                                  :
ELECTROLUX HOME PRODUCTS, INC.,   :
et al.                                        NO. 19-935

MEMORANDUM

Bartle, J.                                September 25, 2019

      Defendant Sears Home Services ("Sears") has moved to dismiss this diversity action as to it for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

      Plaintiff State Farm Fire & Casualty Co. ("State Farm"), the insurer and subrogee of Richard and Emily Reiner, has sued defendants Electrolux Home Products, Inc. and Sears under state law for negligence, strict liability, and breach of warranties. State Farm alleges that it paid the Reiners for water damage to their home resulting from a defective washing machine and that defendants are liable over to it in their roles as the manufacturer, seller, installer, or repairer of the product.

      For subject matter jurisdiction to exist in an action where state substantive law governs, there must be complete diversity of citizenship of the parties so that no plaintiff and no defendant may be a citizen of the same state. Exxon Mobil

Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005). The burden of proof by a preponderance of the evidence is on the party asserting diversity jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d. Cir. 2006).

Sears claims that this action must be dismissed as to it because its citizenship and the citizenship of plaintiff State Farm are the same. It is uncontested that plaintiff State Farm is a citizen of Illinois where it is incorporated and also has its principal place of business. Sears maintains that it too has its principal place of business in that state.[1] It has filed a supporting affidavit that it is a limited liability company, that is an LLC, formed under the laws of Delaware and that Illinois is the location of its principal place of business.

Sears' argument would be well founded if it were a corporation. Under 28 U.S.C. § 1332(c), a corporation is deemed to be a citizen of both its state of incorporation as well as the state of its principal place of business. This statutory provision, however, does not apply to unincorporated entities

---

1. Defendant Electrolux is a Delaware corporation with its principal place of business in North Carolina. There is diversity as to this defendant.

such as Sears.  American Realty Trust v. Conagra Foods, 136 S. Ct. 1012, 1015 (2016).

In Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d. Cir. 2010), our Court of Appeals held that the citizenship of a limited liability company is determined by the citizenship of its members.  If one or more of Sears' members turns out to be an LLC, the court must peel through as many layers as necessary and treat the citizenship of the members as the citizenship of Sears.  Id. at 420.  If one or more of its members is a partnership, the citizenship of each partner applies.  Id.  If one or more of Sears' members is a corporation, Sears will also be deemed a citizen of the state where the corporation is incorporated as well as of the state where it has its principal place of business.  Id. at 419.  Finally, if a member is a natural person, the citizenship of Sears includes the state of that person's domicile.  Id.; see also, Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 347-49 (3d. Cir. 2013).  Sears is an LLC.  It may have its principal place of business in Illinois, but that fact is irrelevant since it is not a corporation.  Id. at 348.

As noted above, it is the plaintiff State Farm which must establish that complete diversity of citizenship exists.  The complaint does not disclose the identity of Sears' members, and Sears did not do so when it filed its pending motion.  Since

the court has an obligation sua sponte to decide whether it has subject matter jurisdiction, it ordered Sears to file a declaration containing the relevant information about its members and if it has no members to declare this fact. See Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012). In response, Sears has filed an affidavit that "Sears Home Services, LLC does not have and has never had any members."

After receiving this affidavit, State Farm has made a part of the record a document filed by Sears, Roebuck & Co. in the Bankruptcy Court for the Southern District of New York. In Re: Sears, Roebuck & Co., Bankruptcy Action No. 18-23537 (Bankr. S.D.N.Y.), Doc # 20, at p. 32. There, Sears, Roebuck & Co. stated that it holds an "100%" interest in Sears. The parent, Sears, Roebuck & Co., is incorporated in the state of New York and has its principal place of business in Illinois. The court must consider whether under the facts of this case it should deem the parent to be the sole member of Sears and thus the parent's citizenship to be the citizenship of Sears or should treat Sears as stateless, that is a party with no citizenship. The case law discussing the unusual situation of citizenship of an LLC without members is sparse.

Lehman v. Davidson Hotel Co., LLC, Civil Action No. 15-0319, 2015 WL 867799 (E.D. Mo. Feb. 27, 2015) was a personal injury action removed from the state court. The

-4-

defendant LLC had one member, DHH Holdings LLC, which had no members. Both defendant and DHH Holdings LLC had been formed under Delaware law. The court found that the defendant was stateless for purposes of diversity jurisdiction. Citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989), it held that subject matter jurisdiction under 28 U.S.C. § 1332(a) could not be established and remanded the action to the state court since the defendant was without any citizenship. Lehman, 2015 WL 867799, at *2-3.

In ConnectU LLC v. Zuckerberg, 482 F. Supp. 2d 3 (D. Mass. 2007) the plaintiff, an LLC established under Delaware law, had no members at the time the complaint was filed. The court, adopting the Report and Recommendation of a Magistrate Judge, found the plaintiff to be stateless and as a result dismissed the action since plaintiff could not satisfy the diversity requirement under 28 U.S.C. § 1332(a)(1). Id. at 27. However, the Court of Appeals for the First Circuit reversed on the ground that plaintiff's amended complaint raised a federal question. ConnectU LLC v. Zuckerberg, 522 F.3d 82, 96 (1st Cir. 2008).[2]

---

2. Several cases have held that if one of the partners in a limited liability partnership is stateless, there is no subject matter jurisdiction over the partnership based on diversity of citizenship. See CTGW, LLC v. GSBS, PC, Civil Aciton No. 09-0667, 2010 WL 2739963, at *3 (W.D. Wis. July 12, 2010);

It appears that under the circumstances of this case Sears, Roebuck & Co. is in reality the sole member of Sears. If so, diversity of citizenship does not exist as to Sears as both Sears, Roebuck & Co. and State Farm are citizens of Illinois. If Sears is deemed to have no members, it is then stateless and again there is no basis for finding diversity of citizenship as to it. See Newman-Green, Inc., 490 U.S. at 828. Either way, this court lacks subject matter jurisdiction over Sears.

Sears is not an indispensable party, and no party has claimed prejudice if Sears is dismissed from the case. See Newman-Green, Inc., supra; Zambelli Fireworks Mfg., 592 F.3d at 420-422; Fed. R. Civ. P. 21. Accordingly, albeit for a reason other than what Sears has asserted, this court will grant its motion to dismiss this action as to it for lack of subject matter jurisdiction. The action will proceed with the remaining defendant.

---

Thompson v. Deloitte & Touche LLP, 503 F. Supp. 2d 1118, 1123 (S.D. Iowa 2007).